FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN LUKOWICZ

    Plaintiff,

-vs-                                      CASE NO.: 5:14-cv-605-OC-30PRL

PORTFOLIO RECOVERY ASSOCIATES, LLC

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Marion County, Florida.

## PARTIES

4. Plaintiff, JOHN LUKOWICZ ("Plaintiff"), is a natural person over the age of eighteen (18), who resides in Marion County, Florida.

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6. Plaintiff is an "alleged debtor."

7. Plaintiff, is the "called party" with respect to the calls placed to his cellular telephone number, (352) 702-1955, as further described herein. See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

8. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant") is a collection agency operating from an address of 120 Corporate Blvd., Norfolk, VA 23502, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The debt that is the subject matter of this complaint was incurred for personal, family or household transactions and is a "consumer debt" as defined by Florida Statute §559.55(1).

## FACTUAL ALLEGATIONS

10. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

13. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15. Beginning on or about May, 2014, Plaintiff started receiving calls from Defendant in an attempt to collect a debt.

16. Plaintiff asked Defendant numerous times to stop calling him on his cellular telephone.

17. Due to such a high volume of calls from Defendant to his cell phone, Plaintiff was not able to write down each call, however the following is a sample of the calls received from Defendant to his cell phone:

    i. July 21, 2014 1:30 a.m., 12:30 p.m.)

    ii. July 22, 2014

    iii. July 25, 2014

    iv. July 29, 2014

    v. August 4, 2014 (1:30 p.m., 1:45 p.m.)

    vi. August 28, 2014

    vii. September 5, 2014

    viii. September 24, 2014

    ix. October 6, 2014

    x. October 28, 2014

18. Defendant called the Plaintiff over twenty-five (25) times, since May, 2014, in an attempt to collect a debt.

19. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

20. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

21. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals asking for the calls to stop.

22. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

23. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call after they request the calls to stop.

24. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

25. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

26. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

27. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff incorporates Paragraphs one (1) through twenty-eight (28).

31. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

32. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

34. Plaintiff incorporates Paragraphs one (1) through twenty-eight (28).

35. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

37. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared M. Lee, Esquire
Florida Bar #: 0052284
Morgan & Morgan, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3485
JLee@ForThePeople.com
JMLPleadings@ForThePeople.com
*Attorney for Plaintiff*